**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT DOYLE,<br><br>        Plaintiff,<br><br>   vs.<br><br>SAFECO INSURANCE COMPANY<br>OF AMERICA, et al,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 08-1587 LJO GSA<br><br>**ORDER ON DEFENDANT'S F.R.Civ.P. 12(b)(6) MOTION**<br>(Docs. 10, 11.) |

**INTRODUCTION**

Defendant Safeco Insurance Company of America ("Safeco") seeks to dismiss plaintiff Robert Doyle's ("Mr. Doyle's") insurance bad faith a related claims as barred by an auto accident exclusion in the subject commercial general liability policy. Mr. Doyle filed no timely papers to oppose Safeco's F.R.Civ.P. 12(b)(6) motion, which this Court considered on the record. This Court VACATES the December 3, 2008 hearing, pursuant to Local Rule 78-230(c) and (h). For the reasons discussed above, this Court DISMISSES this action as barred by the auto accident exclusion.[1]

///

---

[1] Based on F.R.Civ.P. 12(b)(6) dismissal of this action, this Court need not address Safeco's F.R.Civ.P. 12(f) motion to strike.

1

# BACKGROUND

## The Subject Policy And Exclusion

Safeco issued to defendant Robert Koopman ("Mr. Koopmann"), dba Adobe Plaza, a commercial general liability policy ("CGL policy") which utilizes a 48-page "Businessowners Coverage Form" prepared by the Insurance Services Office ("ISO").[2] The CGL policy limits are $1 million per occurrence. The CGL policy's Section I. comprises 28½ pages and addresses first-party property coverages. The CGL policy's Section II. comprises 19 pages, and its Section II.B.1. addresses exclusions and provides in pertinent part:

> **B.** **Exclusions**
>
> **1.** **Applicable To Business Liability Coverage**
>
> This insurance does not apply to:
>
> . . .
>
> **g.** **Aircraft, Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, **"auto"** or watercraft **owned or operated by** or rented or loaned to **any insured**. Use includes operation and "loading or unloading."
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.[3]

## Mr. Doyle's Underlying Motorcycle Collision And Action

On May 21, 2005, when the CGL policy was effective, defendant Thelma Koopman ("Mrs. Koopmann"),[4] when on business for Mr. and Mrs. Koopmann's Adobe Plaza, collided her vehicle with Mr. Doyle who rode a motorcycle. Mr. Doyle suffered injuries and damage to his motorcycle and

---

[2] ISO is a nationwide organization which drafts standard insurance forms for its member insurance companies, collects loss data, and estimates risks relevant to forms.

[3] This exclusion will be referred hereinafter as the "auto exclusion."

[4] Mr. and Mrs. Koopmann are married.

2

pursued a Calaveras County Superior Court action against Mr. and Mrs. Koopmann ("underlying action").

Mr. and Mrs. Koopman tendered their defense to their auto insurer and to Safeco under the CGL policy. Safeco refused to defend or to indemnify Mr. and Mrs. Koopmann in the underlying action based on the auto exclusion.

The underlying action was settled for $650,000 whereby Mr. and Mrs. Koopmann's auto insurer contributed $300,000 and Mr. and Mrs. Koopmann contributed $350,000. Mr. and Mrs. Koopmann further agreed to a $2.5 million stipulated judgment and assignment to Mr. Doyle of their rights against Safeco in exchange for a covenant not to execute the $1.85 balance of the judgment against Mr. and Mrs. Koopmann. Safeco has refused to pay the stipulated judgment.

**Mr. Doyle's Claims Against Safeco**

Mr. Doyle proceeds on his operative first amended complaint ("FAC") against Safeco. The FAC alleges that Mr. and Mrs. Koopmann believed that through the CGL policy, they had purchased a commercial auto liability policy for their Adobe Plaza business. The FAC further alleges that Mr. and Mrs. Koopmann "were shocked and dismayed upon learning that SAFECO's basis for the denial of coverage, refusal to defend and indemnify arose from the 'AIRCRAFT, AUTO and WATERCRAFT' exclusion inconspicuously contained on pages 34 and 35 of the 48-page 'Businessowners Coverage Form.'"

The FAC alleges:

1. A (first) breach of contract cause of action that "SAFECO refused and refuses, and continues to deny that any potential for Commercial Automobile coverage exists";

2. A (second) breach of the duty of good faith and fair dealing cause of action that Safeco failed to resolve the underlying action within policy limits and that Safeco utilized "a scheme or pattern and practice knowingly designed to bury important exclusionary policy language deep within its lengthy policies in violation of California law to unreasonably expose defendants/insureds to liability";

3. A (third) negligence cause of action that Safeco breached duties competently to bind auto coverage and to "perform necessary work/investigation to defend plaintiff's interest";

1       4.      A (fourth) unfair business practice cause of action that Safeco engaged in misleading and fraudulent advertising of the CGL policy and marketed coverage "to maximize potential profits when minimizing or eliminating any actual liability or exposure"; and

      5.      A (fifth) declaratory relief cause of action that the auto exclusion is inconspicuous to render it invalid and to result in "coverage to compensate plaintiff for the severe bodily injuries sustained in this occurrence."

The FAC seeks multiple relief, including damages for emotional distress, punitive damages, disgorgement of profits, attorney fees, and an injunction.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

Safeco distills the issue of its F.R.Civ.P. 12(b)(6) motion as to whether the CGL policy's auto exclusion applies to defeat all of Mr. Doyle's claims. Safeco contends that invocation of the auto exclusion and determination of "no coverage" is fatal to all of Mr. Doyle's claims in that "they are all based on Safeco's purported duty to defend and indemnify the Koopmanns."

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty*

4

*Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. A court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). As such, this Court may consider the CGL policy and its auto exclusion.

### Policy Exclusions

Interpretation of an insurance policy is a question of law when determining whether a particular policy provides coverage and a duty to defend. *Waller v. Truck Ins. Exchange*, 11 Cal.4th 1, 18, 44 Cal.Rptr.2d 370 (1995); *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 818, 274 Cal.Rptr. 820 (1990); *see Marquez Knolls Property Owners Assoc., Inc. v. Executive Risk Indemnity, Inc.*, 153 Cal.App.4th 228, 233-234, 62 Cal.Rptr.3d 510, 515-516 (2007) ("The interpretation of an exclusionary clause is an issue of law subject to this court's independent determination."); *United States v. Sacramento Mun. Util. Dist.*, 652 F.2d 1341, 1344 (9th Cir. 1981); *Vulcan Arbor Hill Corp. v. Reich*, 81 F.3d 1110, 1116 (D.C. Cir. 1996). "An insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected." *National Ins. Underwriters v. Carter*, 17 Cal.3d 380, 386, 131 Cal.Rptr. 42 (1976) (quoting *Continental Cas. Co. v. Phoenix Constr.*

*Co.*, 46 Cal.2d 423, 432, 296 P.2d 801 (1956)). However, "the burden of bringing itself within any exculpatory clause contained in a policy is on the insurer." *Executive Aviation, Inc. v. National Ins. Underwriters*, 16 Cal.App.3d 799, 806, 94 Cal.Rptr. 347 (1971).

In *Essex Ins. Co. v. City of Bakersfield,* 154 Cal.App.4th 696, 709-710, 65 Cal.Rptr.3d 1 (2007), the California Court of Appeal explained CGL policy exclusions:

> A CGL policy is intended to cover every risk that is not excluded. A CGL policy has a very broad insuring clause but also has numerous exclusions. . . .The "auto" exclusion (as well as the aircraft and watercraft exclusions) is an exclusion designed to limit coverage for risks normally covered by other insurance. "To cover these risks, the insured must purchase separate insurance." [Citation].

As such, Safeco contends that claims arising from motor vehicle ownership are covered under an auto liability policy, not a CGL policy. Mr. Doyle does not challenge Safeco's F.R.Civ.P. 12(b)(6) motion and thus does not challenge that the auto exclusion applies to bar coverage for Mr. Doyle's collision with Mrs. Koopmann. The auto exclusion clearly excludes risks arising from Mrs. Koopmann's operation of a vehicle – a risk subject to insurance other than the CGL policy. Safeco's interpretation of the auto exclusion is reasonable and correct as a matter of law to satisfy its burden that the auto exclusion applies to the facts at hand.

Safeco further contends that the auto exclusion is conspicuous in the CGL policy to defeat Mr. Doyle's claims.

Courts have invalidated exclusions as inconspicuous where not in a section labeled exclusions and placed on an overcrowded page, *Cal-Farm Ins. Co. v. TAC Exterminators, Inc.,* 172 Cal.App.3d 564, 577, 218 Cal.Rptr. 407 (1985); *Miller v. Elite Ins. Co.,* 100 Cal.App.3d 739, 752, 161 Cal.Rptr. 322 (1980); *Schmidt v. Pacific Mut. Life Ins. Co.,* 268 Cal.App.2d 735, 740, 74 Cal.Rptr. 367 (1969), or in a section labeled "'General Limitations'" but in a "'dense pack'" format, *Ponder v. Blue Cross of Southern California,* 145 Cal.App.3d 709, 722, 193 Cal.Rptr. 632 (1983), or hidden in a subsequent section of the policy bearing no clear relationship to the insuring clause and concealed in fine print, *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 273, 54 Cal.Rptr. 104 (1966)).

However, the California Supreme Court held an exclusion clause conspicuous as a matter of law when it was found in a section under the bold face heading "Exclusions," in printing the size and intensity identical to the rest of the policy. *National Ins. Underwriters v. Carter,* 17 Cal.3d 380,

1  384-385, 131 Cal.Rptr. 42 (1976).

2  In addressing exclusions similar to the auto exclusion, the California Court of Appeal explained:

3  The exclusions clauses at issue are found under a section labeled "Exclusions" in bold
4  face; are of identical size and intensity of the rest of the policy; and are divided into two columns on the page so as not to be a dense pack. But in any event, exclusion clauses do
5  not fail merely because of the density of verbiage. (*Ponder v. Blue Cross of Southern California, supra.*, 145 Cal.App.3d at p. 722.) Therefore, as a matter of law, we find the exclusions conspicuous.

6

7  *Cal-Farm*, 172 Cal.App.3d 564, 578, 218 Cal.Rptr. 407.

8  As Safeco notes, the auto exclusion is:

9  1.   Under a section clearly labeled "Exclusions" in bold type;

10  2.   In print of identical size and intensity as the remainder of the CGL policy; and

11  2.   On pages divided into two columns, not dense pack.

12 As such, Safeco concludes that the auto exclusion is "conspicuous as a matter of law" in that it is
13 "appropriately labeled" and "located exactly where one would expect to find it – under a bold title
14 '**Exclusions**.'" Safeco further argues that the auto exclusion applies in the absence of an ambiguity
15 challenge and of Mr. Doyle's claim of an "independent, non-auto related cause of his injuries."

16 Safeco is correct. The auto exclusion is conspicuous to avoid its invalidation. Nothing suggests
17 that the auto exclusion is inconspicuous, especially considering Mr. Doyle's lack of challenge.

18 Safeco further argues that Mr. and Mrs. Koopmann's failure to read the CGL policy and lack of
19 awareness of the auto exclusion does not prevent the auto exclusion's enforcement. "When a court is
20 reviewing claims under an insurance policy, it must hold the insured bound by clear and conspicuous
21 provisions in the policy even if evidence suggests that the insured did not read or understand them."
22 *Sarchett v. Blue Shield of California*, 43 Cal.3d 1, 15-16, 233 Cal.Rptr. 76 (1987). Mr. and Mrs.
23 Koopmann are bound by the conspicuous auto exclusion, regardless whether they read it.

24 Safeco concludes that Mr. Doyle's breach of contract and breach of good faith and fair dealing
25 claims fail in the absence of its liability under the CGL policy.

26 The primary test of breach of the implied covenant of good faith and fair dealing "is whether the
27 insurer withheld payment of an insured's claim unreasonably and in bad faith." *Love v. Fire Ins.*
28 *Exchange*, 221 Cal.App.3d 1136, 1151, 271 Cal.Rptr. 246 (1990). If benefits are withheld for "proper

7

cause," the implied covenant is not breached. *Love*, 221 Cal.App.3d at 1151, 271 Cal.Rptr. 246; *Cal. Shoppers Inc. v. Royal Globe Ins. Co.*, 175 Cal.App.3d 1, 54-55, 221 Cal.Rptr. 171 (1985). To establish breach of the implied covenant, an insured must demonstrate that: (1) benefits due under the policy were withheld; and (2) the reason to withhold benefits was unreasonable or improper. *Love*, 221 Cal.App.3d at 1151, 271 Cal.Rptr. 246  "It is clear that if there is no potential for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 36, 44 Cal.Rptr.2d 370 (1995); *see also Cal. State Auto. Assn. Inter-Ins. Bureau v. Superior Court*, 184 Cal.App.3d 1428, 1433, 229 Cal.Rptr. 409 (1986) (no bad faith award available "without first establishing coverage exists").

Once again, application of the auto exclusion gave rise to no Safeco duty to defend or indemnify Mr. and Mrs. Koopmann. Safeco breached no contract or related duty owed to Mr. and Mrs. Koopmann.

### **Negligence**

Safeco argues that Mr. Doyle's negligence, unfair business practices and declaratory relief claims fail in the absence of potential or actual coverage under the CGL policy and for further reasons specific to the claims. Safeco notes that the standard of care it owed Mr. and Mrs. Koopmann was "one of good faith" to render meritless Mr. Doyle's allegations that Safeco negligently failed to investigate and defend Mr. and Mrs. Koopmann in the underlying action and breached duties to adjust and advise regarding coverage.

"Indeed, negligence is not among the theories of recovery generally available against insurers . . . ." *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal.App.4th 249, 254, 84 Cal.Rptr.2d 799 (1999). "If an insured seeks to recover in tort for an insurer's mishandling of a claim, it must allege more than mere negligence." *Adelman v. Associated Intern. Ins. Co.,* 90 Cal.App.4th 352, 369, 108 Cal.Rptr.2d 788 (2001). "[O]nly bad faith should be the basis of the insured's cause of action. Bad faith may involve negligence, or negligence may be indicative of bad faith, but negligence alone is insufficient to render the insurer liable." *Brown v. Guarantee Ins. Co.,* 155 Cal.App.2d 679, 689, 319 P.2d 69 (1957); *see Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal.App.3d 1371, 1395, 272 Cal.Rptr. 387 (1990) ("Thus, allegations which assert such a claim must show that the conduct of the

1  defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a
2  failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad
3  judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed
4  common purposes and disappoints the reasonable expectations of the other party thereby depriving that
5  party of the benefits of the agreement."). Moreover, "a separate tort cause of action for negligent claim
6  handling" is not available. *Everett Associates, Inc. v. Transcontinental Ins. Co.*, 35 Fed.Appx. 450, 452
7  (9th Cir. 2002).

8  California courts prohibit negligent investigation and adjustment claims against insurers.
9  Although no private civil cause of action against an insurer for bad faith is available under the California
10 Unfair Insurance Practices Act (Cal. Ins. Code, § 790.03)("UIPA")), "the courts retain jurisdiction to
11 impose civil damages or other remedies against insurers in appropriate common law actions, based on
12 such traditional theories as fraud, infliction of emotional distress, and (as to the insured) either breach
13 of contract or breach of the implied covenant of good faith and fair dealing." *Moradi-Shalal v.*
14 *Fireman's Fund Ins. Companies*, 46 Cal.3d 287, 304-305, 250 Cal.Rptr. 116 (1988). The "granting of
15 a tort remedy to the plaintiffs based on [an insurer's] alleged negligent investigation and adjustment of
16 a claim would run counter to the principles articulated by the Supreme Court in *Moradi-Shalal v.*
17 *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287 [250 Cal.Rptr. 116, 758 P.2d 58]." *Adelman v.*
18 *Associated Intern. Ins. Co.*, 90 Cal.App.4th 352, 370, n. 11, 108 Cal.Rptr.2d 788 (2001). The list of
19 available claims in *Moradi-Shalal* "does not include an action . . . for negligence based on alleged
20 insurer misconduct falling directly within the express proscriptions of [California] Insurance Code
21 section 790.03, subdivision (h)(3), (4) and (5). Such an action is necessarily indistinguishable from the
22 now barred statutory action." *Adelman*, 90 Cal.App.4th at 370, n. 11, 108 Cal.Rptr.2d 788.

23 Safeco further argues that Mr. Doyle lacks a direct third-party negligence claim against Safeco.
24 Under California law, the "threshold element" of a negligence claim "is the existence of a duty to use
25 due care toward an interest of another that enjoys legal protection against unintentional invasion."
26 *Adelman,* 90 Cal.App.4th at 360, 108 Cal.Rptr.2d 788. "Whether this essential prerequisite to a
27 negligence cause of action has been satisfied in a particular case is a question of law to be resolved by
28 the court." *Adelman,* 90 Cal.App.4th at 360, 108 Cal.Rptr.2d 788. California courts have found that

"no duty of care [is] owed a third party claimant by his or her tortfeasor's liability insurance carrier in negotiating settlement of the third party claim." *Krupnick v. Hartford Accident & Indemnity Co.,* 28 Cal.App.4th 185, 209, 34 Cal.Rptr.2d 39 (1994); *Lee v. Travelers Companies,* 205 Cal.App.3d 691, 693, 252 Cal.Rptr. 468 (1988). Imposition of a direct duty owed a third party claimant by an insurer would tend to "'create a serious conflict of interest for the insurer, who must not only protect the interests of its insured, but also must safeguard its own interests from the adverse claims of the third party claimant. This conflict disrupts the settlement process and may disadvantage the insured.'" *Krupnick*, 28 Cal.App.4th at 189, 34 Cal.Rptr.2d 39 (quoting *Moradi-Shalal*, 46 Cal.3d at 302, 250 Cal.Rptr. 116). Moreover, since an insured "is limited to its breach of contract remedy," plaintiffs, who are third parties and not insureds, are not entitled to recover for "negligence in performing the same contract" to "extend greater rights to uninsured parties than the law grants to insureds." *Adelman,* 90 Cal.App.4th at 370, 108 Cal.Rptr.2d 788. ("We can divine no reason for granting to a noninsured party greater rights in enforcing an insurer's obligations under its policy than that enjoyed by the insured party.")

As a noninsured under the CGL policy, Mr. Doyle is denied to pursue against Safeco a claim of negligence, an unrecognized theory to recover against an insurer under the circumstances alleged in the FAC.

**Unfair Business Practice**

Safeco contends that Mr. Doyle's (fourth) unfair business practice cause of action[5] fails in the absence of a private right of action against an insurer for unfair insurance practices under the UIPA.

The Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code, § 17200; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143, 131 Cal.Rptr.2d 29, 37 (2003). The Unfair Competition Law "covers a wide range of conduct" and "embraces 'anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Korea Supply*, 29 Cal.4th at 1143, 131 Cal.Rptr.2d at 37 (quoting *Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180, 83 Cal.Rptr.2d 548 (1999)). Nonetheless, the Unfair Competition Law "provides no toehold for scaling the barrier of

---

[5] Mr. Doyle's unfair business practice claim is premised under California Business and Professions Code section 17200, et seq. ("Unfair Competition Law").

*Moradi-Shalal"* in that a third-party unfair settlement practices claim under the Unfair Competition Law "would render *Moradi-Shalal* meaningless." *Safeco Ins. Co. v. Superior Court,* 216 Cal.App.3d 1491, 1494, 265 Cal.Rptr. 585 (1990).

Moreover, in *Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh,* 118 Cal.App.4th 1061, 1070-1071, 13 Cal.Rptr.3d 586 (2004), the California Court of Appeal prohibited an Unfair Competition Law claim against an insurer:

> The specific allegations of wrongful conduct contained in plaintiff's [Unfair Competition Law] cause of action, using misleading documents and misrepresenting both the terms of the insurance policies and its obligations under them for its own benefit, are the type of activities covered by the UIPA. (Ins.Code, § 790.03, subds.(a) & (h).) . . . Under the foregoing cases, merely alleging these purported acts constitute unfair business practices under the unfair competition law is insufficient to overcome *Moradi-Shalal*.

The FAC alleges nothing to overcome *Moradi-Shalal* to permit Mr. Doyle's unfair business practice claim to proceed. The above authorities demonstrate that the Unfair Competition Law does not provide an avenue of recovery beyond the limited theories available under *Moradi-Shalal*.

Safeco further contends that the portion of Mr. Doyle's unfair practice claim alleging use of misleading advertising and marketing materials is subject to the UIPA, Cal. Ins. Code, § 790.03(a) and (h), to prevent such allegations to proceed under the guise of an Unfair Competition Law claim.

"While insurance companies are subject to California laws generally applicable to other businesses, including laws governing unfair business practices (Ins.Code, § 1861.03, subd. (a)), parties cannot plead around *Moradi-Shalal's* holding by merely relabeling their cause of action as one for unfair competition." *Textron Financial,* 118 Cal.App.4th at 1070, 13 Cal.Rptr.3d 586; *Manufacturers Life Ins. Co. v. Superior Court,* 10 Cal.4th 257, 283-284, 41 Cal.Rptr.2d 220 (1995); *Safeco Ins. Co. v. Superior Court,* 216 Cal.App.3d 1491, 1494, 265 Cal.Rptr. 585 (1990).

Again, Safeco is correct. The FAC does not allege a viable claim under the Unfair Competition Law.

**<u>Declaratory Relief</u>**

Safeco notes that Mr. Doyle's (fifth) declaratory relief cause of action seeks this Court's declaration of the CGL policy's scope and that the auto exclusion is invalid to render the cause of action duplicative of Mr. Doyle's (first) breach of contract cause of action.

"When declaratory relief and another remedy are substantially similar, the court may exercise its discretion to dismiss the declaratory judgment claim." *The Pantry, Inc. v. Stop-N-Go Foods, Inc.,* 777 F.Supp. 713, 718 (S.D.Ind. 1991) ("declaratory judgment claim is inappropriately raised because the plaintiff may be fully compensated if it prevails on the breach of contract claim"). In addressing a declaratory relief claim as to coverage under a homeowner's policy, a fellow district court observed:

> In this present matter, plaintiffs' request for declaratory judgment serves no useful purpose and will not clarify the legal rights or obligations in question. While the existence of another adequate remedy does not operate as a bar to declaratory relief, plaintiffs' suit presents the type of factual questions more appropriately considered in the companion breach of contract portion of their complaint. As the case presently stands factually and procedurally, declaratory relief will not terminate the dispute as to whether plaintiffs' claim requires payment from [insurer] State Farm. . . .

*Newton v. State Farm Fire and Cas. Co.,* 138 F.R.D. 76, 79-80 (E.D.Va. 1991).

Mr. Coyle's declaratory relief claim offers nothing to resurrect his other invalid claims. In the absence of Safeco's obligation to defend and indemnify Mr. and Mrs. Koopmann, there is no declaratory relief which this Court is able to provide Mr. Doyle.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against Safeco;
2. DIRECTS the clerk to enter judgment in favor of defendant Safeco Insurance Company of America and against plaintiff Robert Doyle; and
3. ORDERS Mr. Doyle, no later than December 5, 2008, to file papers to: (a) dismiss this action against Mr. and Mrs. Koopmann; or (b) show good cause why this action should not be dismissed against Mr. and Mrs. Koopmann.

IT IS SO ORDERED.

Dated:   November 24, 2008                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE